**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIA ROSSI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| CLAIRE'S STORES, INC.; CBI DISTRIBUTING CORP., | ) ) ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Claire's Stores, Inc. and CBI Distributing Corp. (collectively, "Claire's"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, remove this action from the Circuit Court of Cook County, Illinois, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Claire's in the Circuit Court case are attached as Exhibit A to this Notice. Claire's will file a copy of this Notice with the Circuit Court.

The grounds for removal are as follows:

### BACKGROUND

1.      On July 7, 2020, Claire's announced a data security incident involving unauthorized access to information entered by customers during the checkout process on Claire's e-commerce websites. On July 31, 2020, Julia Rossi ("Plaintiff"), on her own behalf and on behalf of other customers, filed a putative class action complaint against Defendants in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, styled *Rossi v. Claire's Stores, Inc. & CBI Distributing Corp.*, Case No. 2020-CH-05218, alleging claims for negligence, breach of

implied contract, unjust enrichment, violations of the Illinois Personal Information Protection Act, violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (Ex. A, Compl. ¶¶ 79-163.)

2.      Plaintiff alleges that she is among "many thousands" of similarly situated customers who were impacted by the security incident, and seeks certification of a Nationwide Class and Pennsylvania Subclass of consumers. (*Id.*, ¶ 74.) Plaintiff seeks relief including actual damages; punitive damages; treble damages; statutory damages; exemplary damages; restitution; disgorgement; injunctive relief; training, testing, monitoring, and security programs; interest; attorneys' fees and costs; and any other relief the Court "deems necessary, just, and proper." (*Id.*, Prayer for Relief.)

**I.      Removal is timely.**

3.      Plaintiff filed this lawsuit on July 31, 2020, and Defendant obtained a copy on August 3, 2020. Plaintiff served Defendant with the Complaint and summons on August 4, 2020. Defendant timely removed this action within thirty (30) days of the receipt of the Complaint. 28 U.S.C. § 1446(b).

4.      No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**II.      This Court has original jurisdiction under 28 U.S.C. § 1332(d).**

5.      This Court has original jurisdiction under the Class Action Fairness Act ("CAFA") because this case: (i) involves a minimal diversity of citizenship among the parties; (ii) is a putative class action with over 100 proposed plaintiff class members; and (iii) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d).

### A.  Minimal diversity of citizenship exists.

6.      Federal courts may exercise jurisdiction over a class action if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332 (d)(2)(A).

7.      Plaintiff is a resident of Pennsylvania. (Ex. A, Compl. ¶ 9.) Plaintiff purports to represent a nationwide class of "[a]ll persons in the United States whose Personal Information was compromised as a result of the Data Breach disclosed by Defendants on or about July 7, 2020." (*Id.*, ¶ 72.) Thus, members of the class are located in all fifty states.

8.      Defendant Claire's Stores, Inc. is a corporation organized under the laws of Florida with its principal place of business in Illinois. Defendant CBI Distributing Corp. ("CBI") is a corporation organized under the laws of Delaware with its principal place of business in Illinois. The removal statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Claire's Stores, Inc. is a citizen of Florida and Illinois, and CBI is a citizen of Delaware and Illinois.

9.      Because Claire's Stores, Inc., CBI, and at least one member of the putative class are citizens of different states, CAFA's minimal diversity requirement is met in this case. *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant"); *Dancel v. Groupon, Inc.*, No. 18 C 2027, 2018 WL 11141880, at *1 n.2 (N.D. Ill. Dec. 4, 2018) ("Minimal diversity exists when any member of the plaintiff class is a citizen of a state different from any defendant.").

### B.  Plaintiff alleges a putative class with over 100 proposed members.

10.     Plaintiff filed this case as a class action under 735 ILCS 5/2-801, a rule substantially similar to Federal Rule of Civil Procedure 23 that authorizes actions to be brought by one or more

representative persons. *See* 28 U.S.C. § 133(d)(1)(B). Plaintiff alleges that there are "many thousands" in the class and alleges a nationwide class, in addition to a Pennsylvania sub-class. (Ex. A, Compl. ¶¶ 72, 74.) Thus, the 100-person requirement in CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The CAFA amount in controversy is satisfied.

11.    The final requirement for CAFA jurisdiction—that the amount in controversy exceed $5 million—is also met in this case. *See* 28 U.S.C. § 1332(d)(2).

12.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S. REP. NO. 109-14, at 43 (2005)) ("CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *see also* 28 U.S.C. § 1446(c)(2)(B).

13.    Courts may consider the combined total amount of alleged actual damages and punitive damages. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). The amount in controversy also includes reasonable attorney's fees, if mandated or allowed by statute or contract. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."). Finally, the costs of complying with an injunction may establish the amount in controversy. *Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 964 (N.D. Ill. 2009) (quoting *In re Brand*

*Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 609 (7th Cir. 1997) ("Looked at from the defendants' standpoint, the minimum amount in controversy would be present if the injunction sought by the plaintiffs would require some alteration in the defendant's method of doing business and that would cost the defendant at least the statutory minimum amount."); *see also Ottawa Twp. Bd. of Trustees v. New Par*, No. 3:17-CV-228, 2017 WL 4512475, at *1 (N.D. Ohio Oct. 10, 2017); *accord Stapleton v. Skyline Terrace Apartments*, No. 5:17-CV-02207, 2018 WL 1315151, at *2 (N.D. Ohio Mar. 14, 2018) (citing *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010)).

14.     Here, Plaintiff alleges that "many thousands" of Claire's customers have been affected by the data breach. (Ex. A, Compl. ¶ 74.) Plaintiff seeks actual damages, costs, attorneys' fees, and any other relief the "Court deems necessary, just, and proper." (*Id.*, Prayer for Relief.) Plaintiff also requests that Claire's: (1) "design, maintain, and test their computer systems to ensure that Personal Information in their possession is adequately secured and protected"; (2) "engage third-party security auditors as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendants' systems on a periodic bases"; (3) "audit, test, and train their security personnel to run automated security monitoring, aggregating, filtering and reporting on log information in a unified manner"; (4) "implement multi-factor authentication requirements"; (5) require "employees to change their passwords on a timely and regular basis"; (6) "encrypt all Personal Information"; (7) "audit, test, and train their security personnel regarding any new or modified procedures"; (8) "segment data by, among other things, creating firewalls and access controls"; (9) "purge, delete, and destroy in a reasonably secure and timely manner Personal Information no longer necessary for their provision of services"; (10) "conduct regular database scanning and securing checks"; (11) "routinely and continually conduct

internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach"; (12) "provide lifetime credit monitoring and identity theft repair services to Class Members"; and (13) "educate all Class Members about the threats they face as a result of the loss of their Personal Information to third parties, as well as steps Class Members must take to protect themselves." (*Id.*) Although Plaintiff does not estimate the costs of this relief, if granted, such relief would easily exceed $5 million. First, maintaining the type of comprehensive security program requested in Plaintiff's prayer for relief would require millions of dollars to develop and implement. Second, providing a "lifetime credit monitoring and identity theft repair services to Class Members" would come with a significant cost. For example, the lowest subscription offered by LifeLock is $9.99/month for the first year and then $11.99/month for subsequent years. *See* https://www.lifelock.com/#planschart (last accessed Aug. 27, 2020). Thus, even one year of such a service would cost $120/customer. Third, Plaintiff alleges that "many thousands" were affected by the security incident. Plaintiff apparently does not believe that the notice provided by Claire's thus far is sufficient and needs additional notice to "educate Class Members." Launching an additional nationwide campaign to educate many thousands of people would carry significant costs.

15.     Thus, the amount in controversy element is satisfied in this case for purposes of CAFA jurisdiction, and solely for that purpose.[1]

---

[1] In filing this Notice, Claire's does not concede liability on any of the claims asserted in Plaintiff's Complaint or that they are entitled to recover any damages.

### III.     Reservation of rights and denial of liability.

16.     Nothing in this Notice is intended or should be construed as an express or implied admission by Claire's of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's claims and allegations, or as a limitation of any of Claire's rights, claims, remedies, and defenses in connection with this action.

WHEREFORE, Claire's removes the above-captioned action now pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois.

Dated: August 28, 2020                             Respectfully submitted,

                                                   */s/ John S. Letchinger*
                                                   _____
Gilbert S. Keteltas (pro hac vice forthcoming)     John S. Letchinger
Carey S. Busen (pro hac vice forthcoming)          Maria Boelen
Baker & Hostetler LLP                              Baker & Hostetler LLP
1050 Connecticut Ave., NW                          One North Wacker Drive
Suite 1100                                         Suite 4500
Washington, DC 20036                               Chicago, IL 60606
gketeltas@bakerlaw.com                             jletchinger@bakerlaw.com
cbusen@bakerlaw.com                                mboelen@bakerlaw.com
Ph: 202.861.1500                                   Ph: 312.416.6200
Fax: 202.861.1783                                  Fax: 312.416.6200

                                                   *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, John Letchinger, certify that on the 28th day of August 2020, the foregoing ***Notice of***

***Removal***, was served via email on the following:

> Katrina Carroll
> Kyle Shamberg
> Carlson Lynch LLP
> 111 West Washington Street, Suite 1240
> Chicago, IL 60602
> kcarroll@carlsonlynch.com
> kshamberg@carlsonlynch.com
>
> Tina Wolfson
> Henry Kelston
> Bradley King
> Ahdoot & Wolfson, PC
> 10728 Lindbrook Drive
> Los Angeles, CA 90024
> twolfson@ahdootwolfson.com
> hkelston@ahdootwolfson.com
> bking@ahdootwolfson.com

*/s/ John S. Letchinger*
John S. Letchinger

-8-