**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JULIA ROSSI, DELILAH PARKER, and KELVIN HOLMES, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 1:20-cv-05090 |
| Plaintiffs, | ) ) ) | Hon. Andrea R. Wood, presiding |
| v. | ) ) | Hon. Magistrate Heather K. McShain |
| CLAIRE'S STORES, INC.; CLAIRE'S BOUTIQUES, INC.; and CBI DISTRIBUTING CORP., | ) ) ) ) | |
| Defendants. | ) ) ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among the following Settling Parties (as defined below): (i) Julia Rossi, Delilah Parker, and Kelvin Holmes ("Representative Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel Ahdoot & Wolfson, PC, Clayeo C. Arnold, P.C., and Wolf Haldenstein Adler Freeman & Herz LLP ("Class Counsel"); and (ii) Claire's Stores, Inc., Claire's Boutiques, Inc., and CBI Distributing Corp. (collectively "Claire's" or "Defendants"), by and through their counsel, Baker & Hostetler LLP. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

This litigation arose from a criminal cyberattack on the computer systems that process online shopping transactions for Claire's customers (the "Data Incident"). The criminals allegedly deployed computer code capable of obtaining information entered by Claire's customers during checkout.

Plaintiffs, individually and on behalf of a putative class, filed an action against Claire's in the United States District Court for the Northern District of Illinois captioned *Julia Rossi, Delilah Parker, and Kelvin Holmes, individually and on behalf of all others similarly situated v. Claire's Stores, Inc., Claire's Boutiques, Inc., and CBI Distributing Corp.*, Case No. 1:20-cv-05090, alleging claims arising from the aforesaid attack.

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Claire's and the Released Persons (as defined below) relating to the Data Incident, by and on behalf of Representative Plaintiffs and Settlement Class Members (as defined below), and any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States against Claire's relating to the Data Incident (collectively, the "Litigation").

## II.     CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF SETTLING

Representative Plaintiffs believe the claims asserted in the Litigation, as set forth in the Complaint, have merit. Representative Plaintiffs and Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Claire's through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. Class Counsel are highly experienced in class action litigation and

knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of Plaintiffs and the Settlement Class.

## III. DENIAL OF WRONGDOING AND LIABILITY

Claire's denies each and all of the claims and contentions alleged against it in the Litigation and believes its defenses have merit. Claire's denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Nonetheless, Claire's has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Claire's also has considered the uncertainty and risks inherent in any litigation. Claire's has, therefore, determined it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV. TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, and Claire's that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who timely opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

1.      **Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1      "Agreement" or "Settlement Agreement" means this agreement.

1.2      "Approved Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the Dispute Resolution process.

1.3      "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.4      "Claims Administrator" means a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation, to be jointly agreed upon by the Settling Parties and approved by the Court.

1.5      "Claims Deadline" means the postmark deadline for valid claims pursuant to ¶ 2.3.

1.6      "Claim Form" means the form that the Settlement Class Member must complete and submit on or before the Claims Deadline to be eligible for the benefits described herein. The Claim Form shall require a sworn signature under penalty of perjury, but shall not require a notarization. The Claim Form template is attached as Exhibit A to this Settlement Agreement.

1.7      "Claims Referee" means a third party designated by agreement of the Settling Parties and approved by the Court to make final decisions about disputed claims for settlement benefits.

1.8      "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.9      "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

1.10    "Data Incident" means the cyberattack by criminals who deployed computer code capable of obtaining information entered by Claire's customers during the checkout process.

1.11    "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.12    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 9.1 herein have occurred and been met.

1.13    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.14    "Judgment" means a judgment rendered by the Court, in the form attached hereto as Exhibit E, or a judgment substantially similar to such form.

1.15    "Notice" means the written notice to be sent to the Settlement Class Members pursuant to the Preliminary Approval Order.

1.16    "Objection Date" means the date by which objections to the settlement from Settlement Class Members must be filed with the Clerk of Court to be effective and timely.

1.17    "Opt-Out Date" means the date by which requests for exclusion from the settlement must be postmarked to be effective and timely.

1.18    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.19    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class.  The Settling Parties' proposed form of Preliminary Approval Order is attached hereto as Exhibit F.

1.20    "Plaintiffs' Counsel" and "Proposed Class Counsel" means Bradley K. King of AHDOOT & WOLFSON, PC, and M. Anderson Berry of CLAYEO C. ARNOLD, P.C.

1.21    "Related Entities" means Claire's past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of Claire's and their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, , other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

1.22    "Released Claims" shall collectively mean any and all claims and causes of action that were or could have been brought in the Litigation based on, relating to, concerning or arising out of the Data Incident and alleged theft or misuse of payment card data or other personal information related to the Data Incident, or the allegations, facts, or circumstances related to the Data Incident as described in the Litigation including, without limitation, any violations of the Georgia Security Breach Notification Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, the Tennessee Personal Consumer Information Release Act, the Tennessee

Consumer Protection Act, and similar state consumer protection statutes; any violation of the state common law of negligence, breach of implied contract, and unjust enrichment; and any claims for declaratory relief, equitable relief, attorneys' fees and expenses, statutory damages, treble damages, punitive damages, exemplary damages, restitution, disgorgement, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft or misuse of payment card data or other personal information related to the Data Incident, or the allegations, facts, or circumstances related to the Data Incident as described in the Litigation. Released Claims shall include Unknown Claims as defined in ¶ 1.29. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.23    "Released Persons" means Claire's Stores, Inc., Claire's Boutiques, Inc., and CBI Distributing Corp. (collectively, "Claire's"); their Related Entities; each of their past or present parents, subsidiaries, divisions, and related or affiliated entities; and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers.

1.24    "Representative Plaintiffs" means Julia Rossi, Delilah Parker, and Kelvin Holmes.

1.25    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.26    "Settlement Class" means all persons in the United States who made a purchase online with Claire's between April 7, 2020 through June 12, 2020. The Settlement Class specifically excludes: (i) Claire's and its officers and directors; (ii) all Settlement Class Members

who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of the Settlement; (iv) banks and other entities that issued payment cards which were utilized at Claire's during the data security incident; (v) the attorneys representing the parties in this litigation; and (vi) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the data security incident, or who pleads *nolo contendere* to any such charge.

1.27    "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.28    "Settling Parties" means, collectively, Claire's and Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.29    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Representative Plaintiff, does not know or suspect to exist in the Class Member's favor as of the date of the entry of the Preliminary Approval Order that, if known by the Class Member, might have affected the Person's settlement with, and release of, the Released Persons, or might have affected the Person's decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.30 "United States" as used in this Settlement Agreement includes the District of Columbia and all territories.

## 2. Settlement Benefits

2.1 <u>Expense Reimbursement Capped at $250</u>. All Settlement Class Members who submit a valid and timely claim using the Claim Form (Exhibit A to this Settlement Agreement) are eligible to receive reimbursement for the following documented out-of-pocket losses, if plausibly caused by the Data Incident, subject to an individual cap of $250 per Settlement Class Member:

a)   (i) card replacement fees; (ii) late fees; (iii) overlimit fees; (iv) interest; (v) other bank or credit card fees; (vi) postage, mileage, and other incidental expenses resulting from lack of access to a payment card or account

resulting from the Data Incident; (vii) credit reports or credit monitoring charges purchased between April 7, 2020 through the Claims Deadline, limited to a maximum of $50 in costs associated with credit monitoring or identity theft insurance, if purchased primarily as a result of the Data Incident;

b)      A payment of $19 for each payment card on which a Class Member incurred one or more actual, documented fraudulent charges; and

c)      Up to three (3) hours of documented lost time spent monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/clean-up of the Data Incident (calculated at the rate of $19 per hour for up to 3 hours), but the time must be documented on the Claim Form with a narrative description of the activities performed during the time claimed and their connection to the Data Incident.

2.2      <u>Compensation for Extraordinary Expenses</u>.  Claire's shall reimburse, as provided below, each Settlement Class Member in the amount of the Person's proven loss, but not to exceed $3,000 per claim, for a monetary out-of-pocket loss incurred as a result of the Data Incident if: (a) it is an actual, documented, and unreimbursed monetary loss; (b) was more likely than not caused by the Data Incident; (c) occurred during the time period from April 7, 2020, through and including the end of the Claims Deadline (see ¶ 2.3); (d) is not an amount already covered by one or more of the categories in ¶ 2.1.a; and (e) the claimant made reasonable efforts to avoid, or seek reimbursement for, the loss. Settlement Class Members with claims under this paragraph may also submit claims for benefits under ¶ 2.1. Settlement Class Members may only submit one claim for

benefits under this paragraph regardless of the number of payment cards the Settlement Class Member had compromised as a result of the Data Incident.

2.3     Claim Submission Process. The total reimbursement provided under ¶¶ 2.1 and 2.2 is subject to an aggregate cap of $350,000 for all claims of any kind. Additionally, Settlement Class Members seeking reimbursement under ¶¶ 2.1 or 2.2 must complete and submit a written Claim Form to the Claims Administrator, postmarked on or before the 180th day after entry of the Preliminary Approval Order (the "Claims Deadline").  The notice to the Settlement Class will specify this deadline and other relevant dates described herein.

2.31     As proof of Settlement Class membership, any Settlement Class Member filing a claim must certify that he or she is a Settlement Class Member and also submit one of the following:  (1) a unique code to be provided by the Settlement Administrator based on the approved list of Settlement Class Members to be sent direct notice; (2) a document or documents reflecting the Person's use of a payment card at Claire's between April 7, 2020 through June 12, 2020, which could include (but is not limited to): a receipt from Claire's reflecting payment by a payment card in connection with an online purchase between April 7, 2020 through June 12, 2020, a payment card statement or bill reflecting that the payment card was used in connection with an online purchase with Claire's between April 7, 2020 through June 12, 2020, notification from a bank or financial institution stating that the payment card was compromised between April 7, 2020 through June 12, 2020, or other reasonable documentation that the Settlement Class Member used a payment card in connection with an online purchase with Claire's between April 7, 2020 through June 12, 2020; or (3) the last four digits of the credit or debit card claimed to have been used by the Settlement Class Member between April 7, 2020 through June 12, 2020 that the Claims Administrator (or a designee) will use to confirm Settlement Class membership based on whether

that card number matches a credit or debit card number used at Claire's between April 7, 2020 through June 12, 2020.

2.32    The Claim Form must be verified by the Settlement Class Member with a statement that the claim is true and correct, to the best of the Settlement Class Member's knowledge and belief, and is being made under penalty of perjury.  Settlement Class Members who are claiming reimbursement for costs associated with credit monitoring or identity theft insurance purchased primarily as a result of the Data Incident also must verify that they have exhausted that credit monitoring or identity theft insurance prior to claiming reimbursement. Notarization shall not be required.  The Settlement Class Member must reasonably attest that the out-of-pocket expenses and charges claimed were both actually incurred and plausibly arose from the Data Incident. Failure to provide supporting attestation and documentation as requested on the Claim Form shall result in denial of a claim.  Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.5.

2.33    Claimants seeking reimbursement for expenses or losses described in ¶ 2.2 must complete and submit the appropriate section of the Claim Form to the Claims Administrator, together with proof of such losses.

2.34    Nothing in this Settlement Agreement shall be construed to provide for a double payment for the same loss or injury that was reimbursed or compensated by any other source.

2.35    To be valid, claims must be complete and submitted to the Claims Administrator on or before the Claims Deadline, which shall be 210 days after the Preliminary Approval Order.

2.36    No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.4 <u>Equitable Relief</u>.

Claire's agrees to implement, continue or maintain, the following data security measures for a period of at least one year after the settlement receives approval by the Court:

2.41 Complete PCI Attestation of Compliance (AOC) in conjunction with a PCI-certified Qualified Security Assessor (QSA).

2.42 Conduct annual penetration testing of the cardholder data environment;

2.43 Conduct regular reviews of logs relating to Claire's e-commerce platforms;

2.44 Deploy an endpoint detection and response tool;

2.45 Employ a data security and compliance person at the Executive Director level.

2.5 <u>Dispute Resolution for Claims</u>.

2.5.1 The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the claimant's class membership and the expenses described in ¶¶ 2.1 through 2.3; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Data Incident (collectively, "Facially Valid"). The Claims Administrator may, at any time, request from the claimant, in writing, additional information ("Claim Supplementation") as the Claims Administrator may reasonably require to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed losses, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.

2.5.2    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Claims Administrator shall request Claim Supplementation and give the claimant thirty (30) days to cure the defect before rejecting the claim.  Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later.  In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than one year from the Effective Date. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.5.3    Following receipt of additional information requested as Claim Supplementation, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim.  If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines such a claim is Facially Valid, then the claim shall be paid.  If the claim is not Facially Valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Claims Administrator may reject the claim without any further action.  If the claim is rejected for other reasons, then the claim shall be referred to the Claims Referee upon request of the Settlement Class Member.

2.5.4    Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator.  If a

Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination. If the claimant approves the final determination, then the approved amount shall be the amount to be paid. If the claimant rejects the final determination within thirty (30) days, then the dispute will be submitted to the Claims Referee within an additional ten (10) days.

2.5.5 If any dispute is submitted to the Claims Referee, the Claims Referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days. The Claims Referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days. The Claims Referee's determination shall be based on whether the Claims Referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incident. The Claims Referee shall have the power to approve a claim in full or in part. The Claims Referee's decision will be final and non-appealable. Any claimant referred to the Claims Referee shall reasonably cooperate with the Claims Referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the Claims Referee to verify the claim through third party sources, and failure to cooperate shall be grounds for denial of the claim in full. The Claims Referee shall make a final decision within thirty (30) days of receipt of all supplemental information requested. The Settlement Administrator shall provide notice of all communications pursuant to this paragraph to all counsel.

2.6 Experian's® IdentityWorks$^{SM}$ Identity. Claire's agrees to offer the entire Settlement Class one (1) year of Experian's® IdentityWorks$^{SM}$ Identity product in accordance with Experian's® capabilities in the ordinary course, regardless of whether a Settlement Class Member submits a Claim Form. The offering will be provided with the Class Notice as a link with a

redeemable code to be used directly with Experian®. This product will be the same as offered by Claire's in its notices of the Data Incident.

2.7     <u>Settlement Expenses.</u>  All costs for notice to the Settlement Class as required under ¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of Dispute Resolution by the Claims Administrator and/or Claims Referee described in ¶ 2.5, shall be paid by Claire's.

2.8     <u>Settlement Class Certification.</u>  The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

2.9     <u>Confidentiality of Information Submitted by Settlement Class Members</u>. Information submitted by Settlement Class Members pursuant to this Settlement Agreement shall be deemed confidential and protected as such by Claire's, the Claims Administrator, and the Claims Referee.

**3.     Order of Preliminary Approval and the Notice Program**

3.1     As soon as practicable after the execution of the Settlement Agreement, Proposed Class Counsel shall submit this Settlement Agreement to the Court and file a motion for

preliminary approval of the settlement, requesting entry of a Preliminary Approval Order in the form attached hereto as Exhibit F, or an order substantially similar to such form, which:

a)  Preliminarily approves this Settlement Agreement;

b)  Certifies the Settlement Class for settlement purposes only pursuant to ¶ 2.8;

c)  Approves the Claims Administrator in accordance with ¶ 1.4, or such other provider of claims administration services, as may be jointly agreed to by the Settling Parties;

d)  Approves the Notice Program and directs the Claims Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

e)  Appoints Representative Plaintiffs as Class Representatives;

f)  Approves a customary form of short notice to be mailed and emailed to Settlement Class Members ("Short-Form Notice") in a form substantially similar to the one attached hereto as Exhibit B (postcard) and Exhibit C (email), and a customary long form notice ("Long-Form Notice") in a form substantially similar to the one attached hereto as Exhibit D which together shall include a fair summary of the parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Approval Hearing;

g)  Approves a Claim Form substantially similar to that attached hereto as Exhibit A; and

h)  Appoints a person proposed by the Settling Parties to serve as Claims Referee.

3.2     Claire's shall pay for all of the costs associated with the Claims Administrator and (if necessary) Claims Referee, and for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, as well as the costs of such notice.  Attorneys' fees, costs, and expenses of Proposed Class Counsel and service awards to the Class Representatives shall be paid by Claire's as set forth in ¶ 7 below, subject to Court approval.

3.3     Notice shall be provided to Settlement Class Members in accordance with the Preliminary Approval Order.  The Notice Program shall commence within thirty (30) days after entry of the Preliminary Approval Order and shall be completed within forty-five (45) days after entry of the Preliminary Approval Order.  The Notice Program, subject to approval by the Court as meeting constitutional due process requirements, shall consist of the following:

3.3.1   The Claims administrator shall send to Settlement Class Members the Short Form Notice by email. For all Settlement Class Members whose emails return an undeliverable message, the Claims administrator shall send the Short Form Notice by mail as a postcard.  Within 10 days of the preliminary approval order, Claire's shall compile from its business records and provide to the Claims Administrator the email addresses and mailing addresses of all 60,842 Settlement Class Members.

3.3.2   The Claims Administrator shall establish a dedicated settlement website within 30 days of entry of the Preliminary Approval Order and shall maintain and update the website throughout the claim period and at least until 30 days after the Effective Date, and shall include copies of the Long-Form Notice and the Claim Form approved by the Court as well as this Settlement Agreement.

3.3.3   A toll-free help line staffed with a reasonable number of live operators shall be made available to address Settlement Class Members' inquiries.  The Claims Administrator also will provide copies of the Long-Form Notice and Claim Form approved by the Court, and this Settlement Agreement, upon request.

3.4     At least 21 days before the Final Approval Hearing, Proposed Class Counsel and Claire's shall cause to be filed with the Court an appropriate affidavit or declaration attesting to compliance with the Court-ordered Notice Program.

3.5     The notices and Claim Form approved by the Court may be adjusted by the Claims Administrator, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval.

3.6     Proposed Class Counsel and Claire's counsel shall, after the Notice Program is completed, request that the Court hold a hearing (the "Final Approval Hearing") on or around 180 days after entry of the Preliminary Approval Order and grant final approval of the settlement set forth herein.

3.7     Claire's will also cause the Claims Administrator to provide (at Claire's expense) notice to the relevant state and federal governmental officials within 10 days after filing of this Settlement Agreement as required by the Class Action Fairness Act.

**4.    Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator.  Settlement Class Members will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted.  The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class.  To be effective, written notice

must be postmarked no later than one hundred fifty (150) days after entry of the Preliminary Approval Order.

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.  The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel shall provide to the Court no later than seven (7) days prior to the Final Approval Hearing.

4.3     In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more Opt-Outs (exclusions) than listed in a separate letter agreement (to be shared with the Court under seal, if requested), Claire's may, by notifying Proposed Class Counsel in writing, void this Settlement Agreement.  If Claire's voids the Settlement Agreement pursuant to this paragraph, Claire's shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Proposed Class Counsel and incentive awards, and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

## 5.     Objection Procedures

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of the Person's objection by the Objection Date.  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii)

information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., the last four digits of the payment card claimed to have been used by the Settlement Class Member between April 7, 2020 through June 12, 2020, or a Claire's receipt or credit card statement); (iii) a written statement of all grounds for the objection accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) a statement whether the objector and/or the objector's counsel will appear at the Final Approval Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than one hundred fifty (150) days after entry of the Preliminary Approval Order, and served concurrently therewith upon Proposed Class Counsel and counsel for Claire's via the Court's electronic filing system.

5.2     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

6.      **Releases**

6.1      Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any Released Claim is asserted.

6.2      Upon the Effective Date, Claire's shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Representative Plaintiffs, each and all of the Settlement Class Members, Proposed Class Counsel and Plaintiffs' Counsel of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement.  Any other claims or defenses Claire's may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.3      Notwithstanding any term herein, neither Claire's, nor its Related Entities, shall have or shall be deemed to have released, relinquished or discharged any claim or defense against

any Person other than Representative Plaintiffs, each and all of the Settlement Class Members, Proposed Class Counsel and Plaintiffs' Counsel.

### 7. Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Award to Representative Plaintiffs

7.1     Class Counsel will petition the Court for an award of attorneys' fees, costs, and expenses (collectively, "Attorneys' Fees") in an amount not to exceed $165,000.  Claire's will not oppose Class Counsel's application for said award of Attorneys' Fees up to that amount.  If the award of Attorneys' Fees granted by the court is less than the amount sought by Plaintiffs' Counsel, it will not be a basis for setting aside the settlement.

7.2     Class Counsel will petition the Court for a service award not to exceed $1,500 for each Representative Plaintiff, which is intended to recognize Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Award").  Claire's does not object to the Service Award sought and will not oppose Class Counsel's application for said Service Award.  If the Court does not approve of the Service Award, it will not be a basis for setting aside the settlement.

7.3     Class Counsel shall file its motion for attorneys' fees, costs, and expenses, and for Representative Plaintiffs' service awards, at least 14 days prior to the Opt-Out and Objection Deadlines, or within 136 days of entry of the Preliminary Approval Order.

7.4     Claire's shall pay the Court-approved amount of Attorneys' Fees and Service Award to an account established by Proposed Class Counsel within thirty (30) days after the entry of an order of Final Approval, regardless of any appeal that may be filed or taken by any Class Member or third party.  Class Counsel will repay to Claire's the amount of the award of Attorneys' Fees in the event that the final approval order and final judgment are not upheld on

appeal and, if only a portion of the Attorneys' Fees is upheld, Class Counsel will repay to Claire's the amount necessary to ensure the amount of Attorneys' Fees comply with any court order.

7.5     Class Counsel shall thereafter distribute the award of Attorneys' Fees among Plaintiffs' Counsel and Service Award to Representative Plaintiffs consistent with ¶¶ 7.2 and 7.3. If this Settlement Agreement is terminated or otherwise does not become Final (e.g., disapproval by the Court or any appellate court), Claire's shall have no obligation to pay attorneys' fees, costs, expenses, or service awards and shall only be required to pay costs and expenses related to notice and administration that were already incurred. Under no circumstances will Class Counsel or any Class Member be liable for any costs or expenses related to notice or administration.

7.6     The amount(s) of any award of Attorneys' Fees and the Service Award to Representative Plaintiffs are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement.  No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any Attorneys' Fees and/or Service Award ordered by the Court to Proposed Class Counsel or Representative Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.     Administration of Claims

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2.  Class Counsel and Claire's shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge any such claim if they believe it to be inaccurate or inadequate.  The Claims Administrator's and Claims Referee's, as applicable, determination of the validity or invalidity of

any such claims shall be binding, subject to the dispute resolution process set forth in ¶ 2.5. All claims agreed to be paid in full by Claire's shall be deemed valid.

8.2     Checks for approved claims shall be mailed and postmarked within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later. No approved claims shall be paid until after the Effective Date. If this Settlement Agreement is terminated or otherwise does not become Final (e.g., disapproval by the Court or any appellate court) prior to the payment of approved claims, Claire's shall have no obligation to pay such claims and shall only be required to pay costs and expenses related to notice and administration that were already incurred.

8.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4     No Person shall have any claim against the Claims Administrator, Claims Referee, Claire's, Class Counsel, Plaintiffs, Plaintiffs' Counsel, and/or Claire's counsel based on distributions of benefits to Settlement Class Members.

**9.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1     The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)     the Court's entry of the Order of the Preliminary Approval and completion of the Notice Program, as required by ¶ 3.1;

b)       the Court's entry of the Judgment granting final approval to the settlement as set forth herein; and

c)       the Judgment becoming Final, as defined in ¶ 1.13.

9.2       If all of the conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Class Counsel and Claire's counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3       Within seven (7) days after the Opt-Out Date, or within 157 days after entry of the Preliminary Approval Order, the Claims Administrator shall furnish to Proposed Class Counsel and to Claire's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4       If the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*  Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of Attorneys' Fees and/or Service Award shall constitute grounds for cancellation or termination of the Settlement Agreement.  Further, notwithstanding any statement in this Settlement Agreement to the contrary, Claire's shall be obligated to pay amounts already billed or

incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**10.    Miscellaneous Provisions**

10.1    The Settling Parties: (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.  It is agreed that neither Party shall have any liability to one another as it relates to the Litigation, except as set forth herein.

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence

of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4     The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5     The Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the parties hereto, and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs. This agreement supersedes all previous agreements made by the parties.

10.6     Proposed Class Counsel, on behalf of the Settlement Class, is expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.7     The Settlement Class Members, Representative Plaintiffs, and Plaintiffs' Counsel shall in no way be responsible or liable for any Settlement Administration expenses or taxes,

including all costs of notice and administration associated with this Settlement Agreement to be paid to the Claims Administrator and/or to the Claims Referee.

10.8    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.9    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

10.10    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.12    If any dispute arises out of the finalization of the settlement terms and documentation, including the plan of allocation, those disputes will be mediated by Bennett Picker.

10.13    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Illinois, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Illinois.

10.14    All dollar amounts are in United States dollars (USD).

10.15    Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks shall be void sixty (60) days after issuance and shall bear the language: "This check must be cashed within 60 days, after which

time it is void." If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Claire's shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.1 or ¶ 2.2 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

10.16    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

**On this 16th day of June, 2021,**

**AGREED TO BY:**

Gilbert S. Keteltas
Carey S. Busen
BAKER & HOSTETLER LLP
1030 Pennsylvania Avenue, NW
Washington, DC 20036
Tel: (202) 861-1530
Email: gketeltas@bakerlaw.com
      cbusen@bakerlaw.com

*Counsel for Defendants*

Bradley K. King
AHDOOT & WOLFSON, PC
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-8585
Email: bking@adhootwolfson.com

AND

M. Anderson Berry
CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORP.
865 Howe Avenue
Sacramento, CA 95825
Tel: (916) 777-7777
Email: aberry@justice4you.com
      lguillon@justice4you.com

AND

Rachele R. Byrd
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
Tel: (619) 239-4599
Email: byrd@whafh.com

*Counsel for Plaintiffs*