IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIA ROSSI, DELILAH PARKER and KELVIN HOLMES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLAIRE'S STORES, INC., CLAIRE'S BOUTIQUES, INC., and CBI DISTRIBUTING CORP.,<br><br>Defendants. | No. 1:20-cv-05090<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Heather K. McShain |

**ORDER CERTIFYING A SETTLEMENT CLASS,
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
AND DIRECTING NOTICE TO THE SETTLEMENT CLASS**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.

Plaintiffs Julia Rossi, Delilah Parker, and Kelvin Holmes ("Plaintiffs" or "Settlement Class Representatives") brought this consolidated class action case against Claire's Stores, Inc., Claire's Boutiques, Inc., and CBI Distributing Corp. (collectively "Claire's" or "Defendants" and together with Plaintiffs, "the Parties"), on October 26, 2020 (Dkt. No. 20.)[1] In the Consolidated Amended Class Action Complaint ("Complaint") (Dkt. No. 20), Plaintiffs assert claims for (1) negligence, (2) breach of implied contract, (3) violations of the Pennsylvania Unfair Trade Practices Act, (4) violations of the Tennessee Personal Consumer Information Release Act, (5) violations of the

---

[1] Plaintiff Rossi's initial complaint was filed in Cook County Circuit Court on July 31, 2020 and removed to this Court on August 28, 2020 (Dkt. No. 1.)

Tennessee Consumer Protection Act, (6) violation of the Georgia Security Breach Notification Act, (7) unjust enrichment, and (8) declaratory judgment.

The Parties, through their counsel, have entered into a Settlement Agreement and Release (the "Settlement Agreement") following good faith, arm's-length negotiations and a mediation overseen by Bennett Picker, Esq., of Stradley Ronan Stevens & Young, LLP. The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiffs' Motion for Preliminary Approval is granted as set forth herein.[2]

1. **<u>Class Certification for Settlement Purposes Only</u>.** For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies a class in this matter defined as follows:

> All persons in the United States who made a purchase online with Claire's between April 7, 2020 through June 12, 2020.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the

---

[2] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representatives and Settlement Class Counsel.**

Julia Rossi, Delilah Parker, and Kelvin Holmes are hereby provisionally designated and appointed as the Settlement Class Representatives. The Court provisionally finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Settlement Class Representatives.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g): Bradley K. King, Ahdoot & Wolfson, PC; and M. Anderson Berry, Clayeo C. Arnold, A Professional Law Corp.

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly the Court grants preliminary approval to the Settlement Agreement.

4. **Jurisdiction.** The Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 332(d)(2), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on September 27, 2022 at 10:00 a.m. CT in Courtroom 1925, 219 South Dearborn Street, Chicago, Illinois 60604, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (c) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the motion of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Federal Rule of Civil Procedure 23(h); and (f) the motion of the Settlement Class Representatives for a Service Award (the "Service Award Request") should be approved.

Plaintiffs' Motion for Service Award Request, and Attorneys' Fees, Costs, and Expenses Request shall be filed with the Court at least **14 Days prior to the Opt-Out and Objection Deadlines**, or 136 days from the date of this Order or **August 11, 2022**. By no later than **21 Days prior to the Final Approval Hearing** or **September 6, 2022**, Plaintiffs shall file their Motion for Final Approval of the Settlement. By no later than **7 Days prior to the Final Approval Hearing** or **September 20, 2022**, the Parties shall file responses to any objections, and any replies in support of final approval of the Settlement and/or Service Award Request and Attorneys' Fees, Costs, and Expenses Request.

6. **Administration.** The Court appoints RG/2 Claims Administration as the Settlement Administrator, with responsibility for class notice and claims administration. Defendants shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees.

7. **Claims Referee.** The Court appoints Bennett Picker as Claims Referee.

8. **Notice to the Class.** The proposed Notice Program set forth in the Settlement Agreement, and the Short-Form Notice, Long-Form Notice, and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

By **30 days from the date of this Order** (the "Notice Deadline") or **April 27, 2022**, the Settlement Administrator shall initiate the Notice Program, which shall be completed within **45 days from the date of this Order**, or by **May 12, 2022**.

9. **Findings and Conclusions Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 8 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and the Court concludes that the Notice Program meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

10. **Class Action Fairness Act Notice.** Within **10 Days after the filing of the motion for preliminary approval**, or by **June 26, 2021**, the Settlement Administrator shall have served or have caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

11. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **150 Days from the date of this Order** or **August 25, 2022** (the "Opt-Out Deadline"). The written notification must include the individual's full name, address, and telephone number; an unequivocal statement that he or she wants to be excluded from the Settlement Class; and the original signature of the individual or a person previously authorized by law, to act on behalf of the individual with respect to the claims asserted in this Action.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel shall provide to the Court no later than **7 Days prior to the Final Approval Hearing**, or **September 20, 2022**.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or

all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

12. **<u>Objections and Appearances.</u>** A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Plaintiffs' Counsel, and Defendants' Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 5.1 of the Settlement Agreement, which is as follows:

    a. the objector's full name, current address, telephone number, and email address (if any);

    b. the Settlement Class Member's original signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation);

    c. information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (e.g., the last four digits of the payment card number associated with the payment card claimed to have been used by the Settlement Class Member between April 7, 2020 through June 12, 2020, or a Claire's receipt or credit card statement);

    d. a statement of all grounds for the objection, including any legal support for the objection that the objector believes applicable;

    e.  identification of all counsel representing the objector;

    f.  whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and

    g.  a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

  Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if Final Judgment is entered.

  Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award Request, or the Fee Request.

  13.  **<u>Claims Process and Distribution and Allocation Plan.</u>** Settlement Class Representatives and Defendants have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in Section III.2.3 of the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

  Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form.

If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Agreement, and the Final Judgment.

14. **<u>Termination of Settlement</u>.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the day prior to entry of this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15. **<u>Use of Order</u>.** This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

16. **<u>Stay of Proceedings</u>.** Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

17. **Continuance of Hearing.**  The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

18. **Summary of Deadlines.**  The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline (Commencement):** 30 Days after Preliminary Approval (April 27, 2022)

**Notice Completion:** 45 Days after Preliminary Approval (May 12, 2022)

**Motion for Service Awards, Attorneys' Fees and Costs:**  136 Days after Preliminary Approval and 14 Days before Opt-Out and Objection Deadlines (August 11, 2022)

**Opt-Out Deadline:**  150 Days after Preliminary Approval (August 25, 2022)

**Objection Deadline:**  150 Days after Preliminary Approval (August 25, 2022)

**Motion for Final Approval:**  21 Days before Final Approval Hearing (September 6, 2022)

**Plaintiffs' Submission of List of Opt-Outs:** 7 Days before Final Approval Hearing (September 20, 2022)

**Replies in Support of Final Approval, Service Awards and Fee Requests, and Responses to Any Objections:**  7 Days before Final Approval Hearing (September 20, 2022)

**Claims Deadline:**  180 Days after Preliminary Approval (September 24, 2022)

**Final Approval Hearing:** approximately 180 Days after Preliminary Approval, or on September 27, 2022 at 10:00 a.m. CT.

IT IS SO ORDERED this 28th day of March, 2022.

Andrea R. Wood
United States District Court Judge