## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JULIA ROSSI, DELILAH PARKER, and KELVIN HOLMES, individually and on behalf of all others similarly situated, | Case No. 1:20-cv-05090 |
| Plaintiffs, | Judge Andrea R. Wood |
| v. | Magistrate Judge Heather K. McShain |
| CLAIRE'S STORES, INC., CLAIRE'S BOUTIQUES, INC., and CBI DISTRIBUTING CORP., | |
| Defendants. | |

## FINAL ORDER AND JUDGMENT GRANTING
## FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting final approval of the class action Settlement between Plaintiffs Julia Rossi, Delilah Parker, and Kelvin Holmes ("Plaintiffs" or "Settlement Class Representatives") and Defendants Claire's Stores, Inc., Claire's Boutiques, Inc., and CBI Distributing Corp. (collectively "Claire's" or "Defendants") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the settlement, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS** 27th day of September, 2022,

**ORDERED** that:

1. The Settlement involves allegations in Plaintiffs' Class Action Complaint that Defendants failed to safeguard and protect the personally identifiable information of their customers and that this alleged failure caused injuries to Plaintiffs and the Class.

2. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On March 28, 2022, the Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointing Plaintiffs as the Settlement Class Representatives, and appointing Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing (the "Preliminary Approval Order").

5.      In the Preliminary Approval Order, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All persons who made a purchase online with Claire's between April 7, 2020 through June 12, 2020.

Excluded from the Settlement Class are (i) Claire's and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of the Settlement; (iv) banks and other entities that issued payment cards which were utilized at Claire's during the data security incident; (v) the attorneys representing the parties in this litigation; and (vi) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the data security incident, or who pleads *nolo contendere* to any such charge.

6.      The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

a.      A process for Settlement Class Members to submit claims for compensation as that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendants.

b.      Defendants to pay all Notice and Claims Administration costs.

c.      Defendants to pay a Court-approved amount for attorneys' fees, costs, and expenses of Class Counsel not to exceed $165,000.

d.      Defendants to pay a Service Award not to exceed $1,500 to each named Plaintiff.

8.      The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court.  The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9.      Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

10.     The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

11.     As of the final date of the Opt-Out Period, one (1) potential Settlement Class Member has submitted a valid Opt-Out Request to be excluded from the Settlement.  The name of that person is set forth in Exhibit A to this Order.  That person is not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

12.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and the Claims Referee shall implement the Settlement in the manner and time frame as set forth therein.

14.     Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendants and all Released Persons, as defined in the Settlement Agreement, as follows:

> any and all claims and causes of action that were or could have been brought in the Litigation based on, relating to, concerning or arising out of the Data Incident and alleged theft or misuse of payment card data or other personal information related to the Data Incident, or the allegations, facts, or circumstances related to the Data Incident as described in the Litigation including, without limitation, any violations of the Georgia Security Breach Notification Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, the Tennessee Personal Consumer Information Release Act, the Tennessee Consumer Protection Act, and similar state consumer protection statutes; any violation of the or state common law of negligence, breach of implied contract, and unjust enrichment; and any claims for declaratory relief, equitable relief, attorneys' fees and expenses, statutory damages, treble damages, punitive damages, exemplary damages, restitution, disgorgement, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft or misuse of payment card data or other personal information related to the Data Incident, or the allegations, facts, or circumstances related to the Data Incident as described in the Litigation. Released Claims shall include Unknown Claims as defined in ¶ 1.28. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

15.     In accordance with Fed. R. Civ. P. 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

Done and ordered this 27th day of September, 2022.

_____
Andrea R. Wood
United States District Court Judge

5